lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,**          )<br>                                              )<br>            **Plaintiff,**     )<br>                                              )<br>      vs.                              )<br>                                              )<br>**MARILYN SCAFE and**  )<br>**PAUL FELICIANO**       )<br>                                              )<br>            **Defendants.** )<br>_____) | Case No. 08-4062-JAR |

## MEMORANDUM AND ORDER

Plaintiff Milton Lee has now filed three 42 U.S.C. § 1983 actions all based on allegations that defendants failed to provide him with a written statement supporting the decision to hold him for a final parole violation hearing in violation of K.A.R. § 44-9-105(f), resulting in a denial of his Due Process rights under the Fourteenth Amendment. The Court dismissed the previous two cases and, by this order, dismisses this case *sua sponte*.

The Tenth Circuit "has held that a district court may dismiss *sua sponte* a pro se complaint for failure to state a claim."[1] Although dismissals under Fed. R. Civ. P. 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend the complaint would

---

[1] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

be futile."[2]

The section 1983 claim made in the complaint is dismissed for failure to state a claim. Plaintiff does not allege any conduct in the complaint that, even arguably, could amount to a violation of his rights under the Constitution or laws of the United States. In the complaint, plaintiff alleges that his civil rights were violated because he did not receive a written explanation of why his parole was revoked as required by K.A.R. § 44-9-105(f). The Court has twice explained that because plaintiff's claim stemmed from a violation of a state administrative regulation rather than a federal law, he failed to state a claim under section 1983.[3] Despite this, plaintiff continues to file complaints that obviously do not state a claim under section 1983.

This complaint is no different from the previous two in that it plainly does not state a claim for relief under section 1983. The only difference is this time, plaintiff has dropped Kevan Pellant as a defendant; defendants Scafe and Feliciano were named in the previous complaints. Giving plaintiff an opportunity to amend this complaint would be futile because it is obvious that he has no claim under section 1983 based on the facts alleged in this or any of his previous two complaints. Any claim that plaintiff may have, as the Court has explained before, would not arise under federal law. Because plaintiff has simply ignored the explanation given by the Court in dismissing his previous two lawsuits, the Court must conclude that plaintiff continues to file these lawsuits for the purpose of harassing the defendants. Accordingly, the Court determines

---

[2]*Phillips v. Pub. Serv. Co. of New Mexico*, 58 F. App'x 407, 409 (10th Cir. 2003); *Hall v. Bellmon*, 935 F.2d 1106, 1108-1110 (10th Cir. 1991) (summarizing "the procedure and law applicable to the three most common pretrial points at which a district court may dispose of a pro se complaint," including dismissal pursuant to 28 U.S.C. § 1915 "if the plaintiff is proceeding in forma pauperis" and, independently, for failure to state a claim under Rule 12(b)(6), including *sua sponte* dismissal if it is "patently obvious" that the plaintiff cannot prevail on the facts).

[3]Case No. 07-4124 (Doc. 12); Case No. 07-4049 (Doc. 15.)

that it is appropriate to take the unusual step of dismissing the complaint *sua sponte*.[4]

**IT IS THEREFORE ORDERED** that plaintiff's claims against all defendants are dismissed by the Court *sua sponte*.

IT IS SO ORDERED.

Dated this 2nd day of June 2008.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge

---

[4] *See Collins v. McClain*, No. 02-2177-JWL, 2002 WL 1377719 (D. Kan. June 11, 2002) (*sua sponte* dismissing plaintiff's fifth lawsuit that alleged same grounds for section 1983 violation as previous four cases that were dismissed by the court).